## LIME ROCK BANK *versus* EDWIN D. PLIMPTON *et al.*

Where an agent employed to collect money in New York, and to remit it to the principal, lent it there to the defendants, to whom he was indebted in a sum larger than the amount lent, telling them, that he could lend it until he should be ready to return home, but without informing them that the money belonged to the principal, it was *held*, that the defendants could retain the money as against the principal, even after notice that it belonged to him.

THIS was assumpsit to recover the sum of $675 with interest.

At the trial before *Wilde* J., it appeared, that the oank delivered to one Parkhurst an acceptance of Montgomery, Smith & Amory, of New York, for 1000 dollars, with directions to receive the money which certain assignees of the acceptors were ready to pay thereon, and to transmit the same in a draft ; that Parkhurst carried the acceptance to New York, and, on February 27, 1834, received from the agent of the assignees the sum of $676·61, for which he signed a receipt on the back of the acceptance ; that on the same day when the money was received by Parkhurst, he called at the store of the defendants, to whom he was indebted in a sum as large or larger than he had received upon the acceptance ; that, upon their saying that they wanted to borrow some money, Parkhurst told them, that he had received some from Montgomery, Smith & Amory and could lend it to them until he should be ready to return home ; that Parkhurst did accordingly lend the money to them ; that no receipt was taken therefor, but the defendants entered the same on their books ; that Parkhurst did not inform the defendants at that time, that the money belonged to the plaintiffs ; that when Parkhurst was about to return home, he called upon the defendants several times for the money ; that after putting him off several times, they at last refused to return it ; that Parkhurst then informed them that it belonged to the plaintiffs and that he had received it as their agent, and claimed that it should be repaid to him.

A nonsuit was entered by agreement, which was to stand.

Lime Rock Bank *v.* Plimpton.

Oct. 3d.

or to be taken off and a default substituted, according to the opinion of the Court upon these facts.

*C. Allen, Brigham* and *Goodrich,* for the plaintiffs. The money in the hands of Parkhurst belonged to the plaintiffs, and as the defendants received it for a special purpose not in the usual course of business, without parting with any consideration, and the title of the plaintiffs was made known to them before they had suffered any damage, they are answerable in this action. If the defendants were honest, they did not intend to retain the money at the time of the loan. 6 Bac. Abr. *Trover,* 693 ; 2 Com. on Contr 44 ; *Anon,* 1 Salk. 289 ; *Chesterfield Manuf. Co.* v. *Dehon,* 5 Pick. 7 ; *Denston* v. *Perkins,* 2 Pick. 86 ; *Thompson* v. *Perkins,* 3 Mason, 232. If the defendants had received the money in discharge of their claim against Parkhurst, there would be some justice in their defence ; but they did not receive it with the expectation of retaining it.

It is true that the loan was entered on the books of the defendants ; but there was nothing equivalent to a new credit, and the relations of the parties were not changed by this circumstance. 2 Livermore on Ag. 264.

*Newton* and *Child,* for the defendants, cited *Mason* v. *Waite,* 17 Mass. R. 560 ; *Hudson* v. *Robinson,* 4 Maule & Selw. 478 ; *Clark* v. *Shee,* Cowp. 197 ; Com. Dig. *Action upon the case upon Assumpsit, E b* ; *Rogers* v. *Kelly,* 2 Campb. 123 ; *Pratt* v. *Willey,* 2 Carr. & Payne, 350 ; *George* v. *Clagett,* 7 T. R. 359 ; *Scott* v. *Surman,* Willes, 400 ; *Johnson* v. *Ames,* 11 Pick. 173.

Oct 5th.

WILDE J. delivered the opinion of the Court. The plaintiff's claim is not founded on any privity between the parties, arising from an express contract, but on principles of equity imposing an obligation on the defendants, which the law will imply a promise on their part to fulfil. It is contended that the defendants have money in their hands belonging to the plaintiffs, which they cannot in equity and good conscience retain, and that in such case an action for money had and received will lie. And this general principle is undoubtedly well established by the authorities, and is reasonable and cannot operate injuri

ously to any one.   The question then is, whether the defendants have in their hands any money which in equity and good conscience belongs to the plaintiffs.   It is proved satisfactorily that the money borrowed by the defendants of Parkhurst was the money of the plaintiffs in his hands as their agent ; but of this fact the defendants had no knowledge at the time of the loan.   It was therefore a lawful contract between the defendants and Parkhurst ; and if the case had stopped here, t would be very clear that this action could not be maintained.   For although it is true, that the sale by an agent, without authority, of property other than money may be disavowed, and set aside in the case of a *bonâ fide* purchaser, yet in respect to money the law is otherwise ; not only be cause money has no ear mark and cannot easily be identified, but because a different doctrine would be productive of great mischief.   It is, therefore, manifest that before the defendants were notified, that the money lent was the money of the plaintiffs, they were liable only to Parkhurst, or if they had received the money in payment of their debt against Parkhurst, this action could not be maintained, even after notice to the defendants, that the money belonged to the plaintiffs. The only question therefore is, whether after notice the defendants could lawfully detain the money ; and we are of opinion that they could.   As Parkhurst was indebted to them in a sum exceeding the loan, they had a legal right of set-off as against Parkhurst, of which they could not be deprived by the intervention of the plaintiffs' claim ; and however disingenuous the defendants' conduct may be considered in relation to Parkhurst, they had a legal right thus to secure their own debt.   Their refusal to repay the loan according to agreement was a breach of promise ; but against this, the defendants could set off a breach of promise by Parkhurst, and this set-off is allowed by law.   The defendants, therefore, had a legal right to appropriate the money lent, to the payment of their own debt.   This distinguishes the present case from that of *Mason* v. *Waite*, where the money came into the defendant's hands unlawfully, and he had no legal or equitable right to retain it ; and also from that of *Clarke* v. *Shee*, Cowp. 200. But the law as laid down by Lord *Mansfield*, in the latter

14 *

Limerock
Bank
*v.*
Plimpton.

Limerock
Bank
v.
P'limpton.

case, is decisive against the plaintiffs' claim. "Where money or notes," it is said, "are paid *bonâ fide*, and upon a valuable consideration, they never shall be brought back by the true owner ; but where they come *malâ fide* into a person's hands, they are in the nature of specific property ; and if their identity can be traced and ascertained, the party has a right to recover."

*Motion to set aside the nonsuit overruled.*